**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBRA BERRY, | No. 19-16932 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00411-LJO-EPG |
| v. | |
| YOSEMITE COMMUNITY COLLEGE DISTRICT, a Public Educational Institution, Junior College; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted September 8, 2020**

Before: TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Debra Berry appeals pro se from the district court's judgment dismissing her

42 U.S.C. § 1983 action alleging constitutional claims. We have jurisdiction under

28 U.S.C. § 1291. We review for an abuse of discretion a dismissal for failure to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

comply with a court order. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). We affirm.

The district court did not abuse its discretion by dismissing Berry's action after Berry failed to comply with the district court's order to pay monetary sanctions. *See Pagtalunan*, 291 F.3d. at 642 (discussing factors to be considered before dismissing an action for failure to prosecute or failure to comply with a court order); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) ("[I]t is not required that the district court make explicit findings in order to show that it has considered these factors . . . we may review the record independently to determine if the district court has abused its discretion").

Berry forfeited her opportunity to appeal the magistrate judge's order granting in part defendants' motion to compel because she did not file an objection to the magistrate judge's order. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996) ("[A] party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *United*

*States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Appellees' request to strike the exhibits to the opening brief, set forth in the answering brief, is denied.

**AFFIRMED.**